UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUTOMOTIVE UNITED TRADES
ORGANIZATION,

    Plaintiff,

v.

THE STATE OF WASHINGTON, et. al.,

    Defendants.

CASE NO. C10-5584BHS

ORDER GRANTING
PLAINTIFF'S MOTION FOR
REMAND TO STATE COURT
AND DENYING ALL OTHER
MOTIONS AS MOOT

    This matter comes before the Court on Plaintiff Automotive United Trades Organization's ("Auto") motion for remand of its state law claims to state court. Dkt. 10. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Auto's motion for remand and denies the remaining motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

    The instant lawsuit was originally filed in Grays Harbor Superior Court in Washington State. Dkt. 16 at 2. The complaint alleged that Defendants had violated only state law—no federal claims had been asserted. *See id.* On July 29, 2010, Auto filed an amended complaint alleging that Defendants had also violated Article 1, § 8 of the United States Constitution. *Id.* On August 18, 2010, Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(b). Dkt. 1. On September 16, 2010, the parties

ORDER – 1

stipulated to dismissing the Article 1, § 8 claim (Dkt. 7), which the Court subsequently dismissed on September 17, 2010 (Dkt. 11). On the same day that the Court dismissed the federal claim, Auto filed the instant motion to remand the remaining state law claims to state court. Dkt. 10. The Defendants filed their response on October 1, 2010 (Dkt. 16), and on October 7, 2010, Auto filed its reply (Dkt. 22).

Additionally, Defendants filed a motion to dismiss for failure to join indispensible parties on September 16, 2010. Dkt. 8. On September 23, 2010, amicus parties filed a motion for leave to participate. Dkt. 12. On September 28, 2010, Auto filed a motion to quash improper memorandum filed by nonparties and for sanctions. Dkt. 15.

## II. DISCUSSION

This Court's subject matter jurisdiction is limited to cases that are authorized by the United States Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it had original jurisdiction." *Carlsbad Technology, Inc. V. HIF Bio, Inc.*, 129 S. Ct. 1862, 1865 (2009) (internal quotations omitted). "A federal court should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

> When the balance of these factors indicates that a case properly belongs in state court, *as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice*.

*Id*. (emphasis added).

Here, the parties have stipulated to dismissing the only federal claim in the lawsuit, and the only claims that remain are state law claims. Accordingly, this Court should remand the instant action to state court.

ORDER – 2

The Defendants argue that Auto understood that the addition of the Article 1, § 8 claim could lead to removal of their lawsuit to federal court which would eliminate "any unfairness with keeping this case in federal court." Dkt. 16 at 4. The Defendants seem to suggest that Auto's lawsuit must remain in federal court because Auto decided to bring a federal claim even though it was subsequently dismissed, and any bias to Auto by having to try its case in federal court was waived by Auto when it acknowledged that removal was possible. Although the Court must weigh fairness to both parties as a factor when considering a motion for remand, the Court must also consider other factors, such as comity, to determine whether the instant action is more appropriately decided in a state court. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law." Dkt. 10 at 5, (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court will not retain this lawsuit, consisting of only state law claims, simply because Auto understood that the case could be removed by bringing a federal claim. Auto's only remaining claims arise under state law and would, therefore, be more appropriately decided by a state court. *See* 28 U.S.C. § 1367.

Finally, the Defendants argue that remanding this case back to state court would be futile because the Indian tribes, as required parties to this action, cannot be joined in state court because of sovereign immunity. Dkt. 16 at 5 (citing *Snow v. Quinault Indian Nation,* 709 F.2d 1319, 1321 (9th Cir. 1983)). Auto contends that the futility doctrine can never be applied to cases in which futility is uncertain. Dkt. 22 at 4 (citing *Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). This Court agrees. Auto argues that the uncertainty of whether remand would be futile precludes the Court from finding as such. Dkt. 22 at 4 (citing *Int'l Primate Prot. League*, 500 U.S. at 89). Auto argues that the instant action is not "against the tribal officers, but against the State for potential violations of the Washington Constitution" and does not challenge the State's agreement with the tribes. Dkt. 22 at 4. Uncertainty exists as to whether

ORDER – 3

remanding this case to state court is futile because it is unclear if the Indian tribes are required parties to this action.[1] Because uncertainty exists, the Court cannot hold that remand is futile. *See Int'l Primate Prot. League*, 500 U.S. at 89.

Because this case is being remanded to state court, the Court denies Defendants' motion to dismiss for failure to join indispensable parties (Dkt. 8), Auto's motion to quash improper memorandum filed by nonparties and for sanctions (Dkt. 15), and amicus parties' motion for leave to participate (Dkt. 12) as moot.

### III. ORDER

Therefore, the Court **GRANTS** Auto's motion for remand to state court, and **DENIES** the remaining motions for the reasons stated herein. This case is **DISMISSED without prejudice**.

DATED this 28th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Defendants moved this Court to dismiss this lawsuit for failure to join indispensable parties. Dkt. 8. However, because of the Court's holding in the instant motion, this Court will not decide if the Indian tribes are required or indispensable parties under Fed. R. Civ. P. 19.

ORDER – 4